4:21-MJ-42

# AFFIDAVIT

## I. INTRODUCTION

Your affiant, Michael VanFosson, being duly sworn, hereby depose and state:

1.   I am a narcotics investigator with the Des Moines office of the United States Department of Justice Drug Enforcement Administration (DEA) and have been so since August 2015. I am a federally deputized task force officer, within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. Prior to my assignment as a narcotics investigator with DEA, I held police officer positions with the Altoona Police Department since 2006. During my law enforcement career, I have participated in numerous investigations involving the unlawful distribution of narcotics in violation of federal and state laws, which led to arrests, convictions of violators, and seizures of narcotics and proceeds gained from illegal activity. During my law enforcement career, I have participated in numerous investigations involving the unlawful distribution of narcotics in violation of federal and state laws, which led to arrests, convictions of violators, and seizures of narcotics and proceeds gained from illegal activity. In the course of my duties, I have conducted or participated in physical and electronic surveillance, undercover transactions, the execution of search warrants, debriefing of informants, interviews of witnesses, reviews of tape-recorded conversations involving drug trafficking activities, and analysis of telephone toll records and other records kept by or relating to drug traffickers. I am a graduate of the Iowa Law Enforcement Academy that graduated in December 2006. I have also attended the following courses or hold the following certifications: Cellebrite Certified Operator, Cellebrite Certified Physical Analyst, Tech Agent Training, High Hazard Clandestine Lab Training (Level A), Clandestine Lab Training (Level B), Undercover Narcotics Officer Training,

FILED
By: Clerk's Office, Southern District of Iowa
10:14 am, Jan 29 2021

4:21-MJ-42

Task Force Officer School, Open Source Intelligence Techniques, Butane Honey Oil Training, Advanced Roadside Impaired Driving Enforcement Training, Precision Driving Instructor, Advanced Roadside Interview Techniques, Drug Recognition for Street Officers, and Interview and Interrogations Training. During the course of my law enforcement career, I have written and executed a number of search and seizure warrants for narcotics, dangerous drugs, and the records, books, and proceeds derived as a result of this illicit activity.

4. The information set forth herein is based upon the following: (1) the affiant's training, professional education, and experience; (2) the affiant's participation in the instant investigation; (3) the affiant's review of reports and other documents prepared by federal, state, and local law enforcement officers, as well as documents prepared by other government agencies, utilities companies, and private businesses; (4) physical surveillance conducted by federal, state, or local law enforcement agencies, which has been reported to the affiant either directly or indirectly; (5) this affidavit is intended to show merely there is sufficient probably cause for the requested warrants and does not set forth all of my knowledge about this matter.

5. This affidavit is made in support of:

   a. Warrant to arrest the following individual for a violation of Title 18 U.S.C. Sections 2118(b) (burglary involving controlled substances): **Austin Kyle BRINCKS.**

## II. INVESTIGATION:

6. The Des Moines Resident Office (DMRO) of the DEA is investigating the burglaries of eight separate Medicap Pharmacies in Central Iowa that occurred in September, November, and December 2020. During each of the burglaries, the perpetrator forced entry into

4:21-MJ-42

the building while the pharmacy was closed and stole large quantities of oxycodone pills. The burglaries are briefly described below.

    a.    On September 9, 2020, the Medicap Pharmacy in Jefferson, IA was burglarized by one suspect. The suspect forced entry through a drive through window of the business and stole approximately 2954 oxycodone pills. The burglary occurred between 0210 Hours to 0240 Hours.

    b.    On November 1, 2020, the Medicap Pharmacy in Altoona, IA was burglarized by one suspect. The suspect forced entry through a window and stole approximately 1700 oxycodone pills. The burglary occurred between 0120 Hours to 0150 Hours.

    c.    On November 15, 2020, the Medicap Pharmacy in Grinnell, IA was burglarized by one suspect. The suspect forced entry through a window and stole approximately 1078 oxycodone pills. The burglary occurred between 0200 Hours to 0230 Hours.

    d.    On November 22, 2020, the Medicap Pharmacy in Indianola, IA was burglarized by one suspect. The suspect forced entry through a window and stole approximately 1164 oxycodone pills and 50 hydrocodone pills. The burglary occurred between 0125 Hours to 0155 Hours.

    e.    On November 22, 2020, the Medicap Pharmacy in Carlisle, IA was burglarized by one suspect. The suspect forced entry through a window and stole approximately 1154 oxycodone pills. The burglary occurred between 0240 Hours to 0310 Hours.

    f.    On November 29, 2020, the Medicap Pharmacy located at 2804 Beaver Avenue Des Moines, IA was burglarized by one suspect. The suspect forced entry through a window and stole approximately 591 oxycodone pills. The burglary occurred between 0220 Hours to 0250 Hours.

    g.    On December 6, 2020, the Medicap Pharmacy located at 318 N. Lincoln Street, Knoxville, IA was burglarized by one suspect. The suspect forced entry through a window and stole approximately 542 oxycodone pills. The burglary occurred between 0200 hours and 0300 hours.

    h.    On December 6, 2020, the Medicap Pharmacy located at 250 SE Gateway Dr., Grimes, IA was burglarized by one suspect. The suspect forced entry through a window. The suspect did not take any oxycodone pills, as pharmacy staff had secured the oxycodone separately in light of the recent burglaries. The burglary occurred between 0330 hours and 0430 hours.

2.     Each of the pharmacies listed above are registered with the DEA.

3. Based on the above information, investigators believe each of the eight burglaries to have been committed by the same perpetrator. The pharmacies were all Medicap Pharmacies and each was burglarized by forced entry during the early morning hours when the pharmacy was closed. Security camera footage from each location shows the perpetrator to be a single person wearing dark-colored clothing, mask, and gloves.

4. For one of the burglaries, law enforcement did observe a vehicle in the vicinity of the Medicap Pharmacy minutes after the burglary. According to information from the Jefferson Police Department, on September 9, 2020, at 0228 hours, Sergeant Shane Jones was in his patrol vehicle parked near the Jefferson Water Tower when he was dispatched to Medicap Pharmacy at 400 North Elm Street regarding an interior motion alarm that had been tripped.

5. To respond to the burglary, Sgt. Jones traveled eastbound on West Central Street and observed a black 1990 Honda Prelude bearing Iowa license plate JJR987 (**Target Vehicle**) traveling northbound on North Maple Street approaching West Central Street. Sgt. Jones took note of the license plate number of the vehicle and proceeded to the location of the burglary at the Medicap Pharmacy, arriving at approximately 0230 hours.

6. Sgt. Jones ran the license plate through his mobile data terminal while he was waiting for the owner of the business to respond to the scene of the burglary with a key. The vehicle was registered to Austin Kyle BRINCKS of Boone. The driver's license information listed BRINCKS's height as 5 feet 7 inches and his weight as 190 pounds.

7. Sgt. Jones reviewed the security camera footage for the Medicap Pharmacy in which the perpetrator is visible. The person on the surveillance footage is less than 6 feet in height with a medium build wearing a light black or gray hooded sweatshirt with a black facemask, black

sweatpants, gloves, black tennis shoes with white soles and carrying a black backpack. His face is not visible.

3. As part of his investigation, Sgt. Jones checked the amount of time it would take to drive from the Medicap Pharmacy to the location where Sgt. Jones observed the **Target Vehicle**. Based on his training and experience, Sgt. Jones believed that a fleeing burglary perpetrator would drive the speed limit and obey all traffic laws in order to avoid attention from law enforcement, and, as such, Sgt. Jones drove in that same manner while conducting his check. The result of Sgt. Jones's check was 1 minute and 39 seconds.  Utilizing surveillance footage, Sgt. Jones discovered that the suspect left the Medicap Pharmacy at approximately 0226 hours. Sgt. Brinks had been notified of the burglary at 0228 hours by dispatch and began driving to the scene, arriving at approximately 0230 hours.  While he was en route to the pharmacy Sgt. Jones observed the **Target Vehicle**.  This timing is consistent with the **Target Vehicle** having left the Medicap Pharmacy immediately following the burglary.

4. Sgt. Jones determined that BRINCKS was on parole with the Iowa Department of Corrections.

5. Sgt. Jones contacted BRINCKS's parole officer, Michael Klobnak, on September 9, 2020.  Klobnak advised that he had met with BRINCKS earlier in the day. Klobnak advised that BRINCKS had tested positive for opiates and was currently unemployed.  Klobnak advised that BRINCKS had a curfew of 2300 hours to 0500 hours and that if he were in fact in the area of Jefferson at the time that the burglary occurred, he would be in violation of his parole.  Klobnak confirmed a phone number to Sgt. Jones for BRINCKS (**Target Telephone**).  Klobnak provided an address for BRINCKS in the 300 block of V Avenue in Boone, Iowa.

4:21-MJ-42

6.     Sgt. Jones requested a search warrant for Verizon Wireless records pertaining to the **Target Telephone** for billing and account information, incoming and outgoing cell tower records, incoming and outgoing call detail records, cell tower location information, and incoming and outgoing text message information for Wednesday, September 9, 2020, to further the investigation and to assist Mr. Klobnak with his investigation into BRINCKS' potential parole violation.

7.     In October 2020, Officer Jeremy Behrens of the Jefferson Police Department took over the Medicap Pharmacy burglary investigation. Officer Behrens reviewed the information Verizon Wireless produced in response to the search warrant and determined there was no information that pertained to the burglary or the location of the suspect's phone around the time the burglary took place on September 9, 2020.

8.     On October 16, 2020, Officer Behrens of the Jefferson Police Department called the **Target Telephone**. The call went to voicemail, and the voicemail identified the **Target Telephone** as belonging to BRINCKS. Officer Behrens left a voicemail for BRINCKS and requested BRINCKS call him back.  To date, BRINCKS has not returned Officer Behrens phone call.

9.     A deconfliction of the **Target Telephone** showed that BRINCKS has been in contact with persons who are currently incarcerated with the Iowa Department of Corrections (IADOC).  According to the IADOC, inmates who have been in contact with suspect's phone are inmate Anthony Kuehl; Clay Paulson; and Eduard Lester.  A review of the recordings of the inmate phone calls indicates that BRINCKS had conversations with Paulson regarding drugs and pharmacies.

10. During a phone call with Paulson dated June 23, 2020, BRINCKS tells Paulson about attempting to sell a guitar amp in Des Moines, IA. BRINCKS relayed to Paulson that the person that he was attempting to sell the amp to did not have all of the money for the amp. According to the conversation, the potential buyer told BRINCKS he needed to go somewhere to get the rest of the money. BRINCKS explains to Paulson that he and the potential buyer had the following exchange: "Bro, I came down here to sell this thing, not fucking run around all day. And, uh, he's like, well the place we're going, they fucking have 30's and all this other shit. And I'm like well fuck this might actually be worth it." Paulson tells BRINCKS that it isn't worth it, to which BRINCKS responds, "Fuck, for as much as they want for it, yea." Paulson then tells BRINCKS to stick to his wrenches and pistons. Based on my training and experience, "30s" is a slang word for Oxycodone pills because some Oxycodone pills have "30" printed on them.

11. During a phone call with Paulson dated September 12, 2020, which is three days after the burglary of the Medicap Pharmacy in Jefferson, BRINCKS tells Paulson that he is at the "Super Nationals". Paulson responds by telling BRINCKS to have a cold one for him. BRINCKS then states, "Fuck that, I got a fucking pocket full of something else . . . I'm not kidding, I got about fucking thirty of 'em". I believe BRINCKS' statement that he had "thirty of 'em" in his pocket was a reference to having thirty Oxycodone pills in his pocket, following the Medicap Pharmacy burglary on September 9, 2020.

12. During a phone call with Paulson dated October 24, 2020, Paulson states to BRINCKS, "Casey wants to know if there's any new pharmacies opened up anywhere" to which BRINCKS responds, "uh, no, but my body counts up to two now." Paulson laughs then relays the message to someone in the background. I believe BRINCKS' statement that his "body count" was

"up to two now," is a reference to having burglarized two pharmacies at the point of this call, to include the Medicap Pharmacy burglary on September 9, 2020.

13. BRINCKS's criminal history shows prior arrests for Theft 5th, Theft 2nd, Burglary 3rd, Theft 4th, Attempted Burglary 2nd, Drug Tax Stamp Violation, Criminal Mischief 3rd, and Possession of a Controlled Substance. Between 2018 and February 2020, BRINCKS served prison time in the IADOC for convictions based on pharmacy burglaries that occurred in Ames and Nevada in 2017.

14. On December 10, 2020, based on cell phone tower data returned from Verizon Wireless, investigators determined that the **Target Telephone** was connected to towers in the area of the burglaries that occurred at the Medicap Pharmacy located at 2804 Beaver Ave., Des Moines Iowa on November 29, 2020, Medicap Pharmacy located at 318 N. Lincoln St. Knoxville, Iowa on December 6, 2020 and at the Medicap Pharmacy located at 250 SE Gateway Dr., Grimes, Iowa on December 6, 2020. Furthermore, investigators determined that the **Target Telephone** was connected to the towers near the times of day that the burglaries occurred at each pharmacy.

15. The common cellular telephone that was located in all three of the aforementioned areas had the identifiers matching those for the **Target Telephone**. The phone subscriber information shows that it is subscribed to Tasha LASHER with an address in the 300 block of V Avenue, Boone, IA. Further, the phone subscriber record shows that the phone contact name is Austin BRINCKS at the same address. Investigators previously identified the phone number as belonging to BRINCKS from the parole information provided by the Jefferson Police Department's investigation. The start date listed on the telephone subscriber information shows that the phone was activated on February 28, 2020, which is the date that coincides with the day that BRINCKS was released from prison.

16.     On December 11, 2020, investigators with the DEA requested and obtained a search warrant authorizing the installation of a GPS onto the **Target Vehicle**. On December 11, 2020 investigators installed a GPS on the **Target Vehicle** while it was stationary on public property near the intersection of Story Street and 17th Street in Boone, IA. The registration through the State of Iowa for license plate number JJR987 comes back to a black 1990 Honda Prelude with vehicle identification number (VIN) JHMBA4232LC014178. The registered owner of the **Target Vehicle** came back identified as Austin Kyle BRINCKS . The vehicle came back registered to the same address in the 300 block of V Avenue, Boone, IA **(Target Location 1)** and was registered on May 4, 2020.

17.     Investigators obtained some surveillance video footage from the Iowa Department of Transportation in December 2020 that showed the area of the Grimes Medicap location during the time of the burglary on December 6, 2020. Review of the surveillance video shows what appears to be a black vehicle that matches the description of the **Target Vehicle** traveling in the area of the burglary on December 6, 2020.

18.     On December 15, 2020, investigators obtained copies of surveillance video obtained from the pharmacy burglaries at the Altoona location, the Beaver Ave. (Des Moines) location, the Carlisle location, the Grimes location, the Grinnell location, the Indianola location, the Jefferson location and the Knoxville location. All of the surveillance footage showed a single suspect breaking into the pharmacies.

19.     Examination of the data obtained by the vehicle GPS unit on December 21, 2020 indicated that BRINCKS lived at **Target Location 1**. The **Target Vehicle** returned to **Target Location 1** every night while the GPS was installed. Additionally, BRINCKS listed **Target Location 1** as his home address with the parole officer and on the registration to the **Target**

4:21-MJ-42

**Vehicle**.

20.     On December 25, 2020, GPS tracking records showed the **Target Vehicle** stopped at a storage unit in Ames, Iowa (**Target Location 2**) for approximately 7 minutes.  On December 26, 2020, GPS tracking records showed the **Target Vehicle** stopped at **Target Location 2** again for approximately 8 minutes.  Rental records for **Target Location 2** show the registered renter as Owen Lasher with an address of **Target Location 1**.  The storage unit cost shows a charge of $50.00 per month for a 10 foot by 20 foot unit.  **Target Location 2** has been rented since approximately April 2018.  A review of GPS information showed that the **Target Vehicle** was in the area of **Target Location 2** on the following dates: December 16, 21, 22, 25, 26, 28, 2020, and January 2, 3, 2021. In my training and experience, the nature and frequency of these stops (short periods of time and often) is inconsistent with how most customers use storage units (for long-term storage of rarely needed items).  Based on the **Target Vehicle**'s frequent stops at the storage unit, I believe BRINCKS may be using **Target Location 2** to store the proceeds and items from the burglaries, which he needs to access often for use and/or redistribution to others.

21.     On January 28, 2021, law enforcement executed federal search warrants on **Target Location 2**, **Target Vehicle**, and also seized **Target Telephone** and is currently in the process of searching **Target Telephone**. Law enforcement attempted to execute a federal search warrant at **Target Location 1**, however, BRINCKS's father, Owen Lasher, the owner of **Target Location 1**, advised law enforcement that BRINCKS had moved to a residence in the 1100 block of Northwestern Avenue, Ames, Iowa (**Target Location 3)** about two weeks ago.  Lasher consented to a search of **Target Location 1** ,and at this time it does not appear anything of evidentiary value will be seized from **Target Location 1**. Lasher drove law enforcement to **Target Location 3** to show law enforcement of BRINCKS's new residence.

22. Law enforcement located and seized 28 bulk prescription pill bottles in **Target Location 2**. I believe the bottles are provided by pharmaceutical manufacturers to pharmacies. The labels on the pill bottles include oxycodone with acetaminophen, which is consistent with the theft reports from the Medicap burglaries described above. Additionally, I have matched invoice numbers that appear on the 28 pill bottles to six of the eight burglary locations.

23. Law enforcement located and seized a hammer and a brick in **Target Vehicle**, which is consistent with the method of entry reported in the Medicap burglaries described above.

## III. CONCLUSION

Based on the foregoing, your Affiant believes there is probable cause that **Austin Kyle BRINCKS** committed an offense in violation of Title 18 U.S.C. Sections 2118(b) (burglary involving controlled substances)**.**

*Michael VanFosson*
―――――――――――――――――――
Michael VanFosson
Task Force Officer
U.S. Drug Enforcement Administration

Subscribed and sworn before me on this ___29th___ day of ___January___, 2021.

*Helen C. Adams*
―――――――――――――――――――
Helen C. Adams
United States Magistrate Judge